UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

DENISE CARLON, ESQUIRE
KML LAW GROUP, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
215-627-1322
dcarlon@kmllawgroup.com
Attorneys for Secured Creditor:
Lakeview Loan Servicing, LLC

In Re:
Robert Buonato
Isabel W. Buonato
Debtors

**Order Filed on February 19, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.:  25-23509 MEH

Hearing Date: 2/25/2026 @ 10 a.m.

Judge:  Mark E. Hall

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby
**ORDERED**

**DATED: February 19, 2026**

Honorable Mark E. Hall
United States Bankruptcy Judge

Page 2
Debtors:        Robert Buonato & Isabel W. Buonato
Case No.:       25-23509 MEH
Caption:        **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO
                DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Lakeview Loan Servicing, LLC, holder of a mortgage on real property located at 36 N Main Street, Manasquan, NJ, 08736, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Justin M. Gillman, Esquire, attorney for Debtors, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors shall pay the arrearage claim of Secured Creditor in full, when filed, through the Chapter 13 plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors are to make post-petition payments in accordance with the terms of the note, mortgage, and notices of payment change; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors reserve their right to object to Secured Creditor's proof of claim and notice of payment change; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.