Justin M. Gillman, Esq. (038891997)
**GILLMAN CAPONE LLC**
770 Amboy Avenue
Edison, New Jersey 08837
(732) 661-1664 (Tel.)
(732) 661-1707 (Fax)
ecf@gillmancapone.com (E-Mail)
Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 13 |
| **ROBERT BUONATO**<br>**ISABEL W. BUONATO** | Case No. 25-23509-EJO |
| Debtor(s) | Hearing Date: April 29, 2026 |
| | Judge: Hon. Eamonn J. O'Hagan |

**CERTIFICATION OF DEBTORS IN RESPONSE TO TRUSTEE OBJECTION
AND IN SUPPORT OF PLAN**

We, Robert Buonato and Isabel Buonato, being of full age, certify as follows:

1.      We are the Debtors in the above-referenced Chapter 13 bankruptcy case and make this certification from personal knowledge in support of our Chapter 13 Plan.

2.      On December 22, 2025 (the "Petition Date"), we filed a voluntary Petition under Chapter 13 of the Bankruptcy Code.

3.      On January 13, 2026, we filed a Chapter 13 Plan [Docket 11] (the "Plan"). The Plan proposed that beginning January 2026, we would make monthly Plan payments of $2,000 per month for 12 months, and, beginning January 2027, monthly payments of $4,625.00 for 48 months.   The Plan proposed to cure mortgage arrears on our residence,

to pay the Internal Revenue Service ("IRS") for priority tax obligations through the tax year 2024, and to pay a dividend to our general unsecured creditors filing allowed claims.

4.      On February 5, 2026, the Chapter 13 Trustee filed an Objection to Confirmation of the Plan [Docket 19] (the "Trustee Objection").

5.      We submit this Certification in response to the Trustee Objection.

## Income

6.      Our household income is derived through Robert's employment as a mortgage broker and through various income sources for Isabel.

7.      Robert is employed in a 1099 capacity and we projected approximately $9,050 per month in income.  Robert's income fluctuates significantly due to the nature of his work and commission-based compensation.   Prior to the Petition Date, his income was reduced due to changes in his position.  However, we feel that this is ultimately an accurate monthly average of his projected income during the first year of our Plan – January 2026 through December 2026.   The increase in Plan payments effective in January 2027 is based on anticipated increases in his commission income based on historical averages and a growing portfolio at his current position.

8.      Isabel's income is derived from several part-time and service-based positions, including work as a yoga instructor and in the hospitality industry as a bartender and server.

9.      The Trustee Objection required that we file an Amended Schedule I reflecting Isbel's current employer in the hospitality industry.  However, while we want to make an accurate and complete disclosure to the Trustee and Court, we believe that it is difficult to accurately reflect her current employer.

- 2 -

10. Isabel's employment in the hospitality industry is seasonal in nature. Depending on the time of year and the needs of various establishments, Isabel may work for different restaurants or venues during the year. As a result, her employer may change from time to time based on seasonal opportunities and scheduling availability. However, the nature of the work remains the same and consists primarily of server and hospitality work. The income from this work includes hourly wages and tip income and therefore varies from week to week.

11. Our filed Schedule I represents a reasonable average of recent earnings from this form of income. We have provided all recent paystubs from this employment which reflect both the hourly wages and her tips. When we filed our original Form 122C (Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period), we intentionally attached a breakdown of all sources from various employers in the hospitality industry.

12. In addition, Isabel works as a yoga instructor where she is paid on a 1099 basis from one or more sources. That income is also fully disclosed and the projected amount in Schedule I is a reasonable average of her regular income.

13. Isabel also holds a thirty-three percent (33%) membership interest in SRT Marketing LLC, a small marketing services business which operates on a project-by-project basis and does not generate consistent or predictable income. Isabel receives quarterly disbursements from SRT which range based on its profitability and are reflected both in Form 122C and Schedule I.

14. While we are amenable to filing an Amendment to Schedule I to reflect accurate information, it is difficult to fully include all sources, specifically for Isabel's work

4904-5481-2558, v. 1

in the hospitality industry, due to the fact that she often changes employers based on work availability and employer needs.   Further, due to our location, her income from these sources, and the availability of work, is often seasonally dependent.  For example, during the winter months - where there is less work available - her income is temporarily reduced and ultimately increases as the season passes.   Again, we believe the projection of future income is ultimately accurate considered over the course of the year.

### Financial Accounts

14.     The accounts referenced on Schedule A/B consist of a combination of a small investment account and several digital asset or cryptocurrency-related accounts, many of which are inactive or have minimal or no value.

15.     Robert maintains an investment account with Charles Schwab. This account has been held for some time and is not actively traded. The balance of this account is minimal (approximately $190 as of the present), and a statement for the relevant period is being provided to the Trustee.

16.     Robert also maintains or previously maintained accounts on various digital asset platforms, including Coinbase, Exodus, Robinhood, and other related applications. The Coinbase account had no transactions or activity during the relevant period and does not generate periodic statements in the absence of activity.  The Exodus account has been dormant since approximately October 2024 and contains no meaningful activity or value. The Robinhood account is no longer in use. Any prior holdings were liquidated in or about April 2025, and the remaining balance is nominal and not capable of meaningful withdrawal.

- 4 -

17.    Certain applications, including Pi, reflect digital assets that were not acquired through any monetary investment and are not currently tradeable or capable of liquidation in the United States. As such, these holdings do not have realizable value. Additionally, Xamen is a digital ledger or intermediary tool and does not hold funds or assets.

18.    Our Petition reflected a digital wallet holding cryptocurrency with an approximate value of $158,000 as reflected in our filed Schedule A/B.  This account value fluctuates and we also often use these funds, after conversion or withdrawal, to cover our monthly costs when we might have lower income due to fluctuations in our income due to the nature of our work.

19.    To the extent any of the above accounts are jointly held or accessible by either Debtor, the same are disclosed on Schedule A/B. The Debtors have provided, or are in the process of providing, all available statements and information regarding these accounts to the Trustee.  To the extent any accounts are inactive or do not generate statements, the foregoing explanation is provided in lieu of such documentation.

20.    Therefore, we respectfully request that the Court consider this in response to the Trustee Objection and allow the submissions herein, along with the available documentation provide to the Trustee, to be accepted in lieu of additional submission in support of the Plan.

4904-5481-2558, v. 1

- 6 -

We certify that the foregoing statements made by us are true.  We are aware that if any of the foregoing statements made by us are willfully false, we are subject to punishment.

Dated: April 23, 2026               /s/      *Robert Buonato*
                                        Robert Buonato


Dated: April 23, 2026               /s/      *Isabel Buonato*
                                        Isabel Buonato

4904-5481-2558, v. 1